IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JIMMY SONNY SALINAS, JR.,** | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:16-CV-922-O |
| v. | § | (Criminal No. 4:13-CR-181-O (2)) |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Jimmy Sonny Salinas, Jr., ("Salinas") has filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. ECF No. 1. He argues that his trial counsel was ineffective when he failed to file a motion to suppress the evidence that was obtained from a search of his apartment. Specifically, Salinas claims that the government, in violation of his Fourth Amendment rights, used a drug-sniffing dog in the hallway in front his apartment to support its application for a search warrant. But a challenge to the warrant would have failed because it was supported by ample probable cause, even without the results of the dog-sniff search. It follows, of course, that Salinas cannot show that he was prejudiced by counsel's failure to challenge the warrant. The Court therefore denies his Section 2255 motion with prejudice.

## Applicable Background

Government investigators received a tip that Salinas's co-conspirator, Johnny Van Nguyen ("Nguyen"), was dealing hydroponic marijuana throughout north Texas. *See United States v. Salinas*, 4:13-CR-181-O (02) (N.D. Tex.), ECF No. 46 at 4. Investigators began a multi-week investigation during which they surveilled Nguyen and Salinas and learned that they shared an

apartment. *See* ECF No. 1 at 12 ("through investigation Affiant learned that Nguyen was leasing apartment # 926" and that "Nguyen is on the lease along with Salinas."). Investigators also purchased drugs from Ngyuen and Salinas through a series of controlled-buys. *See United States v. Salinas*, 4:13-CR-181-O (02) (N.D. Tex.), ECF No. 46 at 4-6. After the final controlled-buy, police arrested Nguyen and attempted to arrest Salinas. *See id.* at 6. But Salinas sped away and led the police on a high-speed chase. *See id.* He was ultimately arrested. *See id.*

On the day that Salinas and Nguyen were arrested, investigators used a drug-dog to conduct "a free air sniff of the hallway" outside of the apartment that the two men shared. *See* ECF No. 1 at 12. The dog alerted to their apartment, and the investigators used that information as part of their application for a warrant to search the apartment. *See id.* After securing a search warrant, investigators searched the apartment and found numerous firearms, ammunition, body armor, large amounts of cash, marijuana, and methamphetamine. *See United States v. Salinas*, 4:13-CR-181-O (02) (N.D. Tex.), ECF No. 46 at 4-6.

Salinas pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 135 months' imprisonment. *See United States v. Salinas*, 4:13-CR-181-O (02) (N.D. Tex.), ECF No. 63.[1] After an unsuccessful direct appeal, *see United States v. Salinas*, No. 14-10283 (5th Cir. Aug. 18, 2015), Salinas filed this § 2255 motion. He argues only that his counsel was ineffective for failing to challenge the investigator's use of the drug-dog to support their application for the search warrant. ECF No. 1 at 3-7.

---

[1] His sentence was later reduced to 108 months' imprisonment in light of a retroactive amendment to the Guidelines. *See United States v. Salinas*, 4:13-CR-181-O (02) (N.D. Tex.), ECF No. 83.

## Law & Analysis

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims concerning the alleged ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland*. To prevail on an ineffective assistance of counsel claim under *Strickland*, the movant must show both (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his attorney's substandard performance. *Id.* at 687-91, 694.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). For Salinas to establish deficient performance here, "he must at a minimum show that the evidence would have been suppressed if objected to." *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) (internal quotations omitted). "Obviously, counsel is not deficient for failing to make meritlesss suppression motions." *Id.*

Salinas urges that the dog-sniff was unconstitutional under *Florida v. Jardines*, 569 U.S. 1 (2013). In *Jardines*, the Supreme Court held that "[t]he government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search,'" which is subject to the Fourth Amendment's warrant requirements. *Id.* at 11-12. Salinas argues that the Court must extend *Jardines* from the front porch of a private residence, *see id.* at 7, to the common hallway in front of Salinas's apartment. *See* ECF No. 8 at 3-4; *see also Whitaker*, 820 F.3d 849, 854 (7th Cir. 2016) (concluding that "[t]he police engaged in a warrantless search within the meaning of the Fourth Amendment when they had a drug-sniffing dog come to the door of the apartment and search for the

scent of illegal drugs.").

The Court need not rule on the constitutionality of the dog-sniff search here, however, because "the warrant affidavit, purged of information gained through the [dog-sniff search], nevertheless contains sufficient remaining facts to constitute probable cause for the issuance of the search warrant," and the dog-sniff search did not motivate the investigators to seek a search warrant here. *See United States v. Restrepo*, 966 F.2d 964, 966 (5th Cir. 1992). It follows that, even if Salinas's counsel had challenged the dog-sniff search as unconstitutional, the Court would not have suppressed the evidence found during the search of Salinas's apartment.

Under the independent source doctrine, "even if police engage in unconstitutional activities ... evidence discovered during such illegal activities is nonetheless admissible if it is also discovered through an independent source." *See United States v. Estrada*, 683 F. App'x 308, 312 (5th Cir. 2017) (per curiam) (quoting *Restrepo*, 966 F.2d at 971). To determine whether the independent source doctrine applies, the district court must determine whether (1) the warrant affidavit, when purged of the tainted information gained through the initial illegal entry, contains sufficient remaining facts to constitute probable cause; and (2) the illegal search affected or motivated the officers' decision to procure the search warrant. *See United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996).

In this case, the warrant affidavit—stripped of the information gathered during the dog-sniff search—provides ample probable cause that evidence of drug-trafficking activity would be found in the apartment shared by Salinas and Nguyen. The warrant affidavit established that: (1) Salinas and Nguyen were both on the lease for the apartment; (2) a reliable confidential informant first implicated Nguyen in drug dealing; (3) during the subsequent investigation, an undercover officer purchased drugs from Nguyen, who was using Salinas's black Lexus—consistent with the

informant's information; (4) officers observed Nguyen leaving and reentering the apartment complex on the same days as the controlled-buys; (5) Nguyen was arrested during a buy-bust, and Salinas was arrested after fleeing the location; and (6) in the narcotics-investigator's experience, drug traffickers often store "instruments or implements used in the commission of narcotics offenses." *See* ECF No. 1 at 11-13.

Salinas argues that "the illegal dog sniff search was the means by which the police identified which apartment to search." ECF No. 8 at 4. But that claim overlooks the fact that the police had already determined that Salinas and Nguyen were both on the lease for apartment # 926, which "is located in the inner hallway of building #9 near where the investigators had seen Nguyen exiting." *See* ECF No. 1 at 12. That information—taken together with the overwhelming evidence that Salinas and Nguyen were dealing drugs, and the officer's sworn statement "that it is common for persons involved in narcotics activity to keep instruments or implements used in the commission of narcotics offenses" at their residences, *see id.*—was sufficient to support the search warrant. The Court thus concludes that the warrant application had more than enough information, independent of the dog-sniff search, to satisfy the probable cause prong. *See Hassan*, 83 F.3d at 697-98.

As for the second prong, the Court concludes that the government investigators would have sought a search warrant even if they had never conducted the dog-sniff search. "[I]n the usual case, in which direct evidence of [the officer's] subjective intent is absent, a court must infer motivation from the totality of the facts and circumstances." *Restrepo*, 966 F.2d at 972. The facts and circumstances here make clear that the dog-sniff search had no impact on the investigator's decision to seek a search warrant. The dog-sniff search was conducted on the day that the search warrant was issued—the same day that Salinas and Nguyen were arrested, and long after the investigators had conducted a weeks-long investigation that included purchasing drugs from the two men through a

series of controlled-buys. This is not a case where the dog-sniff search prompted the investigation into the defendants. *Cf. Whitaker*, 820 F.3d at 850 ("Acting on information that drugs were being sold from a certain apartment in Madison, Wisconsin, law enforcement obtained the permission of the apartment property manager and brought a narcotics-detecting dog to the locked, shared hallway of the apartment building."). Moreover, the information on the lease, not the dog-sniff search, narrowed down which apartment the drug dealers inhabited. So the dog-sniff search did not bring to light any new information. *See Hassan*, 83 F.3d at 697-98 ("The district court may wish to consider such factors as the precise nature of the information acquired after the illegal entry, the importance of this information compared to all the information known to the agents, and the time at which the officers first evinced an intent to seek a warrant."). Given the timing of the dog-sniff search and the information already known to the investigators, the Court concludes that the dog-sniff search had no impact on their decision to seek a warrant.

In sum, the Court concludes that the independent source doctrine applies to the search warrant application here. Therefore, the Court would have rejected a challenge to the warrant based on the legality of the dog-sniff search. Because Salinas cannot show that he was likely to succeed on such a challenge, his ineffective assistance of counsel claim necessarily fails. *Kimmelman*, 477 U.S. at 375.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, the Court need not hold an evidentiary hearing to resolve his claims. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained above, the matters reviewed by the Court conclusively show that Salinas is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Salinas elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This § 2255 motion is **DENIED** with prejudice as meritless.

**SO ORDERED** this **6th day** of **July, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**